The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Ford. The Full Commission, having reconsidered the evidence of record, finds that the appealing party has not shown good grounds to receive further evidence; rehear the parties; or amend the Decision and Order. Furthermore, in its discretion, the Full Commission denies plaintiffs motion for oral argument and decides this case on the record before the Deputy Commissioner.
 ***********
The Full Commission rules on evidentiary matters as follows
 EVIDENTIARY RULINGS
1. A set of documents consisting of 63 pages of plaintiffs medical records, marked as Defendants Exhibit One, is admitted into evidence.
2. A set of documents labeled Nursing Notes consisting of 5 pages, marked as Defendants Exhibit Number Two, is admitted into evidence.
3. A set of documents consisting of 109 pages of Department of Correction internal medical records, marked as Defendants Exhibit Number Three, is admitted into evidence.
 ***********
Based upon all of the evidence of record, the Full Commission finds as fact the following
 FINDINGS OF FACT
1. Plaintiff Istivan Douglas, an inmate, was in the custody of the North Carolina Department of Correction on 21 February 1995 and at all times relevant to this claim.
2. Plaintiff underwent surgery for a tumor on 21 February 1995 at Durham Regional Hospital and was discharged 28 February 1995 to the hospital unit of Central Prison in Raleigh.
3. Thereafter, plaintiff sustained a burn to his right elbow on or about 3 March 1995 while at the hospital unit at Central Prison. The medical records indicate that he was treated for this burn on 4 March 1995. Later records note a 4cm by 4cm scabbed burn area.
4. During his stay at the Central Prison Hospital unit, plaintiff was medicated for pain. As indicated by Dr. Barbara Pohlman, Director of Health Services for the Department of Correction, plaintiff was not heavily sedated while recovering from surgery at Central Prison and would have been able to feel his arm burning. Furthermore, according to Dr. Pohlman, if plaintiff had not been an inmate, he would have been sent home for recuperation.
5. Plaintiff was placed in a bed at Central Prison Hospital where the Hospital unit is in a ward-type room with other patients. Plaintiffs bed was located in a way that nurses and staff could have walking access around all sides of the bed and plaintiff was not situated in such a way that he would have been burned.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows
 CONCLUSION OF LAW
Plaintiff has failed to present evidence that proves any negligence on the part of defendant. Plaintiff has not shown by evidence or other credible testimony that he did not receive adequate and proper treatment for his conditions.
 ***********
Based upon the findings of fact, the Full Commission enters the following
 ORDER
1. Under the law, plaintiffs claim must be, and the same is hereby, Denied.
2. Each party shall bear its own costs.
This the ___ day of March 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER